MARION E. PALMER (Now MARION E. McCLENDON) as General Guardian of RONALD J. PALMER and Another, Infants, Appellant-Respondent, v. BESSIE MacDOUGALL, Respondent-Appellant.— The insured under the policies was Lester E. Palmer, Jr., who met his death in an automobile accident. The nominal plaintiff or general guardian was the insured's first wife; they were divorced before his death; she is suing on behalf of their two infant children. The defendant is the insured's mother. The record demonstrates that both plaintiff and defendant have exhibited their entire proof and that neither has any additional evidence to offer at a trial. We find that the material and essential facts are not in dispute. Defendant's son was a young practicing attorney. He designated defendant, his mother, as beneficiary of the proceeds of his life insurance policies. *Thereafter*, he told her: "'I want to be sure that my kids have a chance at a profession, if they want it, and I think you are the one that will see to it.'" There is further undisputed evidence that the son intended to prevent any part of the proceeds from going to his wife or to any man she might subsequently marry. After her son's death, defendant received the proceeds of the insurance policies. She has consistently acknowledged a duty and intention to use the funds for the benefit of the children, retaining legal title in herself and exercising a measure of discretion in the precise application of the funds. She offered to execute a trust instrument, to benefit the two children. Her offer was rejected because of the inclusion in the proposed trust instrument of provisions that in the event of the death of one of the *cestuis* his interest would be credited to the surviving *cestui*, and that in the event of the death of both *cestuis* the remainder would revert to defendant or her estate. Such provisions are reasonable and are fully justified by the evidence that the son intended to eliminate the possibility of any of the funds coming into the hands of his divorced wife or her new husband. The record establishes that defendant has at all times acted in good faith; hence no costs should be assessed against her. The action is remitted to Special Term for the purpose of entering an appropriate judgment which will embody a direction to defendant to execute a trust instrument containing substantially the essential

terms set forth in her proposal and in this decision. Beldock, Ughetta and Brennan, JJ., concur; Nolan, P. J., and Pette, J., dissent and vote to affirm.